FÉLIX MEJÍAS SANTANA, ADMINISTRADOR DE LA ADMINISTRACIÓN DE ESTABILIZACIÓN ECONÓMICA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. FEDERICO TILÉN, JUEZ, demandado.

Número 2380.

*Sometido:* 29 de abril de 1960. *Resuelto:* 26 de mayo de 1961.

734

*Juan T. Pañagarícano, Víctor M. Marchán Gómez, Abraham Freyre Montero* y *Nieves M. Agostini de Torres,* abogados del peticionario; *Montilla & Benítez,* abogados de los interventores, peticionarios en el pleito principal.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

La Sucesión Belaval Ritter, es dueña de un edificio en la Ave. De Diego número 326, Santurce, Puerto Rico, dedicado a alquiler. Para el día primero de octubre de 1942 uno de los locales de dicho edificio estaba alquilado para fines de vivienda por un canon de $42.50 mensuales, según consta de la planilla de inscripción en la Oficina Federal de Precios.

En 2 de diciembre de 1946 los caseros inscribieron el referido local en la extinta Oficina de Administración de Precios de Puerto Rico como un local comercial alquilado a Pepita Berríos de Gómez por el canon de $75 mensuales. [1]

En la planilla de inscripción los caseros informaron que para octubre 1ro. de 1942 el local no estaba arrendado como local comercial y que el primer alquiler fijado fue en agosto 1ro. de 1946 como local comercial. En 13 de diciembre del mismo año, el entonces Administrador anotó en esa planilla de inscripción, una "Orden del Administrador estableciendo

---

[1] En el local dedicado originalmente a vivienda se estableció un salón de belleza.

el alquiler máximo", fijándolo en $75 al mes. Más tarde oficiales de la Oficina de Inquilinato, previa investigación, confirmaron el uso comercial del local y encontraron razonable el alquiler de $75 mensuales.

En 11 de julio de 1956, la inquilina, después de desocupar el local, se querelló ante la Administración de Estabilización Económica de que los caseros le habían cobrado $32.50 mensuales en exceso del canon máximo de $42.50 fijado para el local en cuestión.

Después de oir a todas las partes interesadas, el Administrador dictó una resolución en octubre 26 de 1956, determinando que el cambio en el uso del local de residencial a comercial no justificaba la fijación de un nuevo canon, siendo nula la orden que así lo decretó y en su consecuencia ilegales todos los cobros de alquiler en exceso de $42.50 mensuales. El Administrador procedió entonces a dictar una orden de reembolso condenando a los caseros a pagar a su ex-inquilina la suma de $1,105.

En un recurso de revisión instado por los caseros el Tribunal Superior dictó sentencia anulando la orden del Administrador y devolviendo el caso para ulteriores procedimientos.

Expedimos un auto de certiorari para revisar dicha sentencia.

La Ley de Alquileres Razonables de 1946 estabilizó los alquileres al nivel que prevalecía el primero de octubre de 1942. Su artículo 6 disponía originalmente y para la fecha de inscripción del local como comercial, lo siguiente:

"Artículo 6.—Excepto en la forma que más adelante se provee, a partir de la fecha de vigencia de esta Ley no podrá cobrarse un alquiler mayor del que se pagaba el primero de octubre de 1942.

"Mientras no sea alterado por el Administrador de acuerdo con las facultades que en adelante se le confieren, a los efectos de esta Ley, se entenderá por 'alquiler básico' el alquiler que se pagaba en esa fecha, a menos que se haya concertado antes de ella algún convenio fijando un alquiler mayor o menor por

cualquier período posterior a esa fecha.   En este caso, el alquiler básico será el alquiler convenido.

"En caso de edificaciones destinadas a negocios, o propósitos comerciales o industriales, el Administrador podrá autorizar aumentos razonables sobre el canon prevaleciente el primero de octubre de 1942, según la importancia comercial de los pueblos y zonas en que estén radicadas tales edificaciones y su coste de construcción; *Disponiéndose, sin embargo,* que tales aumentos no excederán en ningún caso del cincuenta (50) por ciento del canon prevaleciente el primero de octubre de 1942.

"El Administrador tendrá poderes para fijar el alquiler razonable en todos los casos en que, a juicio suyo, el alquiler prevaleciente el primero de octubre de 1942, o el que se hubiera fijado con posterioridad a esta fecha, fuere excesivo, irrazonable u opresivo.   Asimismo, tendrá poder para hacer ajustes y otras determinaciones en los casos que envuelvan mejoras de importancia capital, aumento o reducción del mobiliario, equipo o accesorios, aumento o reducción en los servicios y suministros, o deterioro de la vivienda o del edificio arrendado.

"Si en el curso del año inmediatamente anterior al primero de octubre de 1942 el alquiler hubiera sido aumentado en más de un veinticinco (25) por ciento de su importe, el Administrador fijará, a instancias del inquilino, el alquiler razonable en una suma en que el aumento no exceda del veinticinco (25) por ciento de la renta más baja que fue pagada en el curso de dicho año.

"Si el propietario hubiera aumentado el alquiler en el período comprendido entre el primero de octubre de 1942 y la fecha de vigencia de esta Ley, el alquiler razonable será el alquiler básico prevaleciente el primero de octubre de 1942; *Disponiéndose,* que en ese caso, a partir de la fecha de vigencia de esta Ley, el inquilino sólo vendrá obligado a pagar el alquiler básico.

"Si la vivienda o edificación no hubiera estado arrendada en primero de octubre de 1942, o fuera de construcción posterior a dicha fecha, el Administrador fijará el alquiler razonable sobre la base de los alquileres que prevalecían en Puerto Rico para viviendas y edificios similares durante el año que terminó el primero de octubre de 1942.

"En los casos en que el Administrador ajuste el alquiler que se venía pagando antes de la fecha de vigencia de esta Ley o dicte una orden final sobre cualquier alquiler, fijando en su lugar el alquiler razonable como aquí se determina, el inquilino

sólo vendrá obligado a pagar el alquiler básico o el alquiler razonable a ese efecto fijado, pero no tendrá derecho a reembolso o reclamación alguna por lo pagado en exceso del alquiler razonable con anterioridad a la fecha en que éste se fijare, salvo los casos en que por disposición expresa de esta Ley el alquiler se ajustare automáticamente a la suma prevaleciente el primero de octubre de 1942 y salvo aquellos casos en que el Administrador dicte una orden provisional aumentando o fijando el alquiler máximo hasta que el caso se resuelva en definitiva; *Disponiéndose,* que el alquiler así aumentado o fijado quedará sujeto a reembolso al inquilino en cuanto a aquella cantidad que resultare en exceso del alquiler máximo que pudiere fijarse por la orden final.

"Al determinar el alquiler razonable de edificaciones que se usan para negocios, y propósitos comerciales e industriales, el Administrador deberá tomar en cuenta el valor comercial de tales edificaciones, en la fecha en que se verifique tal determinación.

"En caso de que procediere la determinación del alquiler razonable de un solar en el que estuviera enclavada una vivienda o una edificación destinada a negocios, o propósitos comerciales o industriales, y dicha vivienda o edificación perteneciera a distinto dueño, el alquiler razonable del solar arrendado no podrá exceder del doce (12) por ciento del valor de tasación del mismo, según la clasificación de las propiedades que a ese efecto haga el Administrador.

"Si por razón de parentesco o de otras relaciones personales o especiales entre el propietario y el inquilino o debido a circunstancias peculiares, el alquiler devengado el primero de octubre de 1942 era substancialmente más bajo que el alquiler devengado en Puerto Rico por vivienda o edificaciones similares en esa misma fecha, el Administrador fijará, a instancia del propietario, el alquiler razonable conforme a las normas establecidas en esta Ley.

"En caso de que la vivienda hubiera sido o fuere amueblada después de octubre 1 de 1942, el Administrador podrá autorizar un aumento en el importe del alquiler, según el número de habitaciones amuebladas y la calidad del mobiliario; *Disponiéndose,* sin embargo, que en ningún caso el aumento podrá exceder del veinte (20) por ciento del importe del alquiler.

"El dueño de cualquier propiedad de alquiler podrá aumentar el canon de arrendamiento sobre el alquiler básico o el al-

quiler razonable fijado por el Administrador, previa autorización de éste, únicamente en caso de que se hayan hecho en la propiedad mejoras fundamentales, o se hayan aumentado sustancialmente los servicios o el mobiliario o se hayan impuesto contribuciones especiales o adicionales que ameriten el aumento en el canon.

"El propietario también podrá cobrar un canon mayor que el alquiler básico o el alquiler razonable, si el inquilino tiene una opción de compra en cuanto a la propiedad arrendada con anterioridad al primero de octubre de 1942 y se ha estipulado que los pagos se acreditarán al precio de compra; *Disponiéndose,* que en este caso el inquilino deberá solicitar el permiso correspondiente del Administrador, quien podrá expedirlo previa comprobación de la existencia de tal convenio.

"No obstante lo que disponga en contrario cualquier contrato, pacto o convenio celebrado ya, o a celebrarse en lo ·sucesivo, ningún propietario podrá cobrar ni recibir por el uso, ocupación o arrendamiento de una propiedad de alquiler un canon mayor que el alquiler básico o el alquiler razonable que fije el Administrador, según fuere el caso: *Disponiéndose, sin embargo,* que podrán cobrarse, pagarse o recibirse cánones más bajos que el alquiler básico o el alquiler razonable.

"Ningún propietario podrá exigir ningún sobreprecio, comisión o cantidad en adición al alquiler básico o al alquiler razonable que fije el Administrador; *Disponiéndose,* que cualquier suma que se pague por este concepto deberá ser reintegrada al inquilino o deducida de los pagos que se hagan por concepto de los alquileres.

"El Administrador fijará reglas de procedimiento para la presentación, audiencia y resolución de las solicitudes de rebaja o aumento en el alquiler que radicaren inquilinos o propietarios, según fuere el caso." (Leyes de Puerto Rico de abril 25, 1946, págs. 1335 a 1341.)

"Alquiler básico" es el que se pagaba en primero de octubre de 1942, o el alquiler convenido antes de esa fecha para un período posterior.

La ley confirió facultades al Administrador para alterar el alquiler básico, en la siguiente forma:

(*a*) En caso de edificaciones destinadas a negocios, o propósitos comerciales o industriales, autorizando aumentos

razonables sobre el canon prevaleciente el 1ro. de octubre de 1942, según la importancia comercial de los pueblos y zonas en que estén radicadas tales edificaciones y su coste de construcción, siempre que no excedan de un 50 por ciento del canon prevaleciente en 1ro. de octubre de 1942.

(*b*) Fijar un alquiler razonable en todos los casos en que a juicio suyo el alquiler prevaleciente en primero de octubre de 1942, o el que se hubiere fijado con posterioridad a esta fecha, fuere excesivo, irrazonable u opresivo.

(*c*) Haciendo ajustes y otras determinaciones en los casos que envuelvan mejoras de importancia capital, aumento o reducción del mobiliario, equipo o accesorios, aumento o reducción en los servicios y suministros, o deterioro de la vivienda o del edificio arrendado; cuando el alquiler devengado en primero de octubre de 1942 obedezca a razones de parentesco u otras relaciones personales o a circunstancias peculiares; cuando el inquilino tiene una opción de compra en cuanto a la propiedad arrendada con anterioridad al primero de octubre de 1942 y se ha estipulado que los pagos se acreditarán al precio de compra.

En el problema ante nos está envuelto únicamente el alcance de las facultades del Administrador reseñadas anteriormente bajo la letra (*a*).

Instrumentando dicha facultad el Reglamento de Inquilinato Para Locales Comerciales dispuso en su artículo 4, en lo pertinente, lo siguiente:

"Artículo 4.—A partir de la fecha de vigencia de este Reglamento y hasta tanto el Administrador determine otra cosa, de acuerdo con las disposiciones del Art. 5 post., el alquiler máximo de un local comercial será:

"*a*. Arrendado en julio 17 de 1946: el alquiler prevaleciente el 17 de julio de 1946, pero no podrá exceder, en más de un 50%:

"(1) el alquiler prevaleciente el 1ro. de octubre de 1942 si el local se hallaba arrendado en dicha fecha; o

"(2) el primer alquiler cobrado después de octubre 1º de 1942 si dicho local:

"(*a*) no se hallaba arrendado en octubre 1ro. de 1942 y fue arrendado después de dicha fecha, o,

"  .    .    .    .    .    .    .    ."

El ex-administrador, Lcdo. Rodolfo Aponte, declaró así:

"Desde fines del año 1946 hasta el 31 de mayo de 1948, fui administrador de Precios de P.R., y como tal tuve a mi cargo el control de los alquileres de locales comerciales. Durante el dicho período el control de viviendas estuvo siempre a cargo de la Oficina Federal de Control de Alquileres. Que por dicha razón mi oficina no tenía jurisdicción sobre viviendas, pero sí la tenía sobre aquellos locales creados mediante cambio de uso de residencial a comercial. Que tan pronto se llevaba a cabo tal cambio de uso se permitía cobrar como alquiler legal el primer alquiler devengado después de dicho cambio de uso, sujeto desde luego a ajuste por comparación con locales similares. Y a estos efectos la oficina que yo dirigía, aplicaba el artículo 4(*a*) 2 y 4(*b*) del Reglamento de Inquilinato Para Locales Comerciales, ya que para efectos de nuestra ley dichos locales no habían existido antes en el mercado de alquileres comerciales. Que esa misma regla se aplicó a las viviendas que se convertían en locales alquilados para despachos profesionales, desde que se expidió por mi oficina la Orden Administrativa núm. 3 en 2 de junio de 1947. Que para tales ajustes por comparación no se tenía en cuenta para nada el alquiler que como vivienda hubiere devengado anteriormente el local objeto de ajuste. Que la política anteriormente explicada no fue variada ni alterada durante el término de mi incumbencia como Administrador." (Alegato de la Sucn. Belaval, págs. 4, 5 y 6.)

Una vez que el local de la Sucn. Belaval Ritter fue alquilado para fines comerciales, dejó de estar sujeto al control de la Oficina Federal de Administración de Precios (OPA). Tampoco estaba sujeto al control de la Agencia Insular como unidad rental dedicada a vivienda.([2]) Por lo tanto, al alquilarse para fines comerciales en agosto primero de 1946, asumía control sobre la misma la extinta Oficina de Administración de Precios de Puerto Rico. No puede decirse que

---

([2]) El control federal sobre las viviendas dedicadas a alquiler cesó en julio 31 de 1953.

dicha unidad tuviera fijado su alquiler básico como local comercial ni puede interpretarse la ley en el sentido de que el alquiler básico como vivienda, era el mismo alquiler que debía prevalecer cuando la unidad rental se dedicara a fines comerciales. La explicación que ofrece el ex-administrador Sr. Aponte sobre la interpretación y aplicación de la ley a los locales que entraban al mercado de alquileres, después de octubre 1ro. de 1942, como locales comerciales, encuentra apoyo en el contexto y propósito de la ley.

Más aún, somos del criterio que la ley concedió facultades al Administrador para decretar aumentos razonables sobre el canon prevaleciente el primero de octubre de 1942, en caso de edificaciones destinadas a negocios, o propósitos comerciales o industriales, a base de la importancia comercial de los pueblos y zonas donde radicaban y su coste de construcción, con la limitación de que el aumento no debía exceder del 50 por ciento del canon prevaleciente en octubre 1ro. de 1942. De suerte que aun tratándose de locales comerciales arrendados como tales antes de la aprobación de la Ley de Alquileres Razonables de 1946, el Administrador quedó facultado para modificar el canon prevaleciente en octubre 1ro. de 1942 en la forma y extensión determinada en el siguiente párrafo del artículo 6:

"En caso de edificaciones destinadas a negocios, o propósitos comerciales o industriales, el Administrador podrá autorizar aumentos razonables sobre el canon prevaleciente el primero de octubre de 1942, según la importancia comercial de los pueblos y zonas en que estén radicadas tales edificaciones y su coste de construcción; *Disponiéndose, sin embargo*, que tales aumentos no excederán en ningún caso del cincuenta (50) por ciento del canon prevaleciente el primero de octubre de 1942."

Con las enmiendas posteriores a la ley, se le quitó esta facultad al Administrador. Tal como rige hoy dicha ley, el Administrador tiene poderes para fijar el alquiler razonable, decretando aumentos o rebajas en el alquiler prevaleciente en octubre 1ro. de 1942, en aquellos casos en que a juicio

suyo así se justifique por razón de mejoras de importancia capital, aumento o reducción del mobiliario, equipo o accesorios, aumento o deducción en los servicios y suministros, deterioro de la vivienda o del edificio arrendado, o aumento en las contribuciones, no debiendo exceder el aumento autorizado en más de un 15 por ciento del alquiler fijado.

Bajo la ley vigente es claro que el Administrador sólo puede modificar el alquiler básico cuando median las circunstancias señaladas en el párrafo que antecede. Pero esa no era la ley en vigor para la fecha en que el Administrador fijó el canon de $75 mensuales, como local comercial, al local de la Sucesión Belaval Ritter.

No podemos partir de la base de que el canon prevaleciente en octubre 1ro. de 1942 para locales comerciales similares al aquí envuelto era de $42 mensuales, ya que dicho alquiler prevalecía entonces para locales residenciales y no para locales comerciales o industriales. Por lo tanto, tampoco hay fundamento para concluir que el alquiler fijado por el Administrador de $75 excedía en 50 por ciento del canon prevaleciente en octubre 1ro. de 1942. El artículo 6 de la ley original de 1946 contiene dos párrafos que aparentemente están en contradicción con la disposición que concede facultad al Administrador para fijar un alquiler razonable a las edificaciones destinadas a negocios o industrias. Estos párrafos disponen lo siguiente:

"Si el propietario hubiera aumentado el alquiler en el período comprendido entre el primero de octubre de 1942 y la fecha de vigencia de esta Ley, el alquiler razonable será el alquiler básico prevaleciente el primero de octubre de 1942; *Disponiéndose,* que en ese caso, a partir de la fecha de vigencia de esta Ley, el inquilino sólo vendrá obligado a pagar el alquiler básico.

"Si la vivienda o edificación no hubiera estado arrendada en primero de octubre de 1942, o fuere de construcción posterior a dicha fecha, el Administrador fijará el alquiler razonable sobre la base de los alquileres que prevalecían en Puerto Rico

para viviendas y edificios similares durante el año que terminó el primero de octubre de 1942." ·

La contradicción que se advierte es más aparente que real.

Si el propietario había aumentado el alquiler en el período comprendido entre el primero de octubre de 1942 y la fecha de vigencia de la ley, automáticamente, quedaba fijado el alquiler razonable en el alquiler básico prevaleciente en octubre 1ro. de 1942. En otras palabras, el propietario no podía fijar por su cuenta un alquiler razonable, aumentando el alquiler en el período comprendido entre el primero de octubre de 1942 y la fecha de vigencia de la ley. En tal caso, el alquiler razonable, era, por disposición de ley, el alquiler básico prevaleciente en octubre 1ro. de 1942. Sin embargo, ello no impedía que el Administrador, en el ejercicio de las facultades conferídales por ley, fijara un alquiler razonable, decretando aumento en el alquiler básico o prevaleciente en octubre 1ro. de 1942, en caso de edificaciones destinadas a negocios, o propósitos comerciales o industriales, tomando en cuenta la importancia comercial de los pueblos y zonas donde radicaran tales edificaciones, así como su coste de construcción.

Esto puede verse con mayor claridad en el otro párrafo que dispone que si la vivienda o edificación no hubiese estado arrendada en primero de octubre de 1942, o fuere de construcción posterior a dicha fecha, el Administrador fijará el alquiler razonable sobre la base de los alquileres que prevalecían en Puerto Rico para viviendas o edificaciones similares durante el año que terminó el primero de octubre de 1942. Esto no implica que el Administrador, en caso de edificaciones destinadas al comercio o la industria, no pudiera fijar un canon más alto al prevaleciente en octubre 1ro. de 1942, según la importancia comercial del sitio donde radica la edificación, porque como hemos visto, ya la ley le había concedido tal facultad. Ninguna de estas dos disposiciones tiene el alcance de despojar al Administrador de su facultad para reajustar

los alquileres de los locales comerciales e industriales, en la forma y en la extensión establecida por la ley según ésta regía para la fecha de los hechos de este caso.

No podemos concluir, pues, que la orden del antiguo Administrador fijando el canon de $75 para el local comercial aquí envuelto fuera contraria a la ley y en su consecuencia nula.

*Por las razones expuestas, se confirmará la sentencia del Tribunal Superior.*

El Juez Asociado Sr. Belaval no intervino.